UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RAMAK SETAYESH FAR,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 5:26-cv-02564-AYP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. SUMMARY

Petitioner Ramak Setayesh Far filed a petition, and thereafter a first amended petition, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California. Petitioner was admitted to the United States on August 21, 2023, as an F-2 nonimmigrant dependent and was arrested by ICE on April 7, 2026. The parties agree that he is detained under 8 U.S.C. § 1226(a).

In this habeas action, Petitioner asserts that Respondents violated the Due Process Clause of the Fifth Amendment in two respects. First, that Respondents detained him on

April 7, 2026, without written notice and without a hearing before a neutral decisionmaker prior to his detention. (Dkt. No. 20 ¶¶ 42–43, 47–49.) Second, that the custody redetermination hearing he received on April 22, 2026, was not an individualized hearing before an impartial immigration judge ("IJ"), that the Government was not required to establish flight risk or danger by clear and convincing evidence, and that the immigration judge did not consider alternatives to detention or Petitioner's financial ability to pay. (*Id.* ¶¶ 46, 50.) Petitioner seeks immediate release and an injunction against re-detention or, in the alternative, a new bond hearing within seven days, together with declaratory relief and fees. (*Id.* at Prayer ¶¶ 1–7.) Respondents answer that Petitioner received a bond hearing and that any challenge to its outcome must be raised before the Board of Immigration Appeals ("BIA"). (Dkt. No. 29.)

Having reviewed the record, the Court concludes that Petitioner's April 22, 2026, bond hearing was sufficiently individualized and comports with the protections of Fifth Amendment Due Process. Accordingly, the Court ORDERS that the Petition be DENIED without prejudice.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Iran. (Dkt. No. 20 ¶ 20.) He entered the United States on August 21, 2023, at Los Angeles International Airport as an F-2 nonimmigrant dependent, admitted for duration of status, as the spouse of Roza Khosravi Jam (A# 242-242-408), who entered on an F-1 student visa. (*Id.* ¶ 21; Dkt. No. 33, Ex. 2 at 2.) Petitioner and his spouse jointly filed an Application for Asylum and for Withholding of Removal, Form I-589, on November 10, 2023. (Dkt. No. 20 ¶ 22, Ex. 1.) Petitioner's Form I-765 was approved on May 18, 2024. (Dkt. No. 33, Ex. 2 at 3.) Petitioner has no criminal history. (Dkt. No. 20 ¶ 23; Dkt. No. 33, Ex. 2 at 4.)

On April 7, 2026, ICE officers arrested Petitioner at a U.S. Citizenship and Immigration Services facility in Tustin, California. (Dkt. No. 20 ¶ 23; Dkt. No. 33, Ex. 2 at 3.) The arrest was effected pursuant to a warrant of arrest and a Notice to Appear. (Dkt. No. 33, Ex. 2 at 1.) The Notice to Appear charges Petitioner as removable under 8 U.S.C.

§ 1227(a)(1)(C)(i) for failure to maintain or comply with the conditions of the nonimmigrant status under which he was admitted, and reflects that it was served on Petitioner in person on April 7, 2026, with oral notice provided in Farsi. (*Id.*, Ex. 7 at 1, 3.) Petitioner has been detained at the Adelanto ICE Processing Center since that date. (Dkt. No. 20 ¶ 23.)

Petitioner, through his immigration counsel, Neda Zaman, requested a custody redetermination, and the immigration court scheduled the hearing for April 22, 2026. (Dkt. No. 33, Ex. 6.) Counsel moved on April 17, 2026, to continue the hearing because of a conflicting in-person merits hearing, and moved on April 20, 2026, to withdraw the bond request. (*Id.*, Exs. 4, 5.) On April 21, 2026, the immigration judge denied the continuance for lack of good cause, observing that "[c]ounsel may file a motion to withdraw Respondent's bond request without prejudice and then file another bond request when counsel is available." (*Id.*, Ex. 3 at 1.)

In support of the bond request, Petitioner provided evidentiary submissions to the immigration court on April 11 and April 17, 2026. (Dkt. No. 32, Exs. A–C.) Petitioner's submissions argued that he is neither a danger nor a flight risk and attached, among other materials, a Form I-134, Declaration of Financial Support, from a proposed sponsor, together with documents concerning Petitioner's identity, lawful entry, asylum filing, employment, and marriage. (*Id.*) The submission also argued, citing *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), that the Government bore the burden of proof by clear and convincing evidence. (*Id.*, Ex. A at 3.)

The hearing proceeded on April 22, 2026. Respondents have lodged the audio recording of the hearing with the Court. (Dkt. Nos. 33–34.) The recording reflects that Petitioner appeared through Ms. Zaman; that the immigration judge received and reviewed the documentary record; that counsel was heard on the question of flight risk and asked that a minimal bond be set; and that the immigration judge announced his ruling, addressing Petitioner's length of residence in the United States and the ties he had established. The written order states that Petitioner "requested a custody redetermination pursuant to 8

C.F.R. § 1236," and that "[a]fter full consideration of the evidence presented," the request was "[d]enied, because [t]he Respondent did not meet his burden to establish that he is not such a substantial flight risk that no amount of bond or alternatives to detention would be sufficient to mitigate it." (Dkt. No. 33, Ex. 1 at 1.) DHS waived appeal and Petitioner reserved appeal, with an appeal due date of May 22, 2026. (*Id.* at 2.) Petitioner did not appeal to the BIA.

Petitioner's removal proceedings remain pending. His next hearing before the immigration court is an individual hearing set for October 15, 2026, to be held in person at Adelanto, California.[1]

Petitioner filed the original petition pro se on May 12, 2026. (Dkt. No. 1.) On May 13, 2026, the Court entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted. (Dkt. No. 4.) On May 14, 2026, the Court referred the matter to the Federal Public Defender for consideration of appointment of counsel. (Dkt. No. 6.) Respondents filed their Return on May 20, 2026 (Dkt. No. 8), and Petitioner filed his Reply on June 1, 2026 (Dkt. No. 13). Following the Federal Public Defender's notice regarding appointment of counsel (Dkt. No. 14), the Court appointed Brian D. Hershman and Patrick M. Connolly as counsel for Petitioner on June 8, 2026 (Dkt. No. 15), and they appeared on June 16 and June 23, 2026 (Dkt. Nos. 16, 18). Shahzada Ashraf appeared as counsel for Petitioner on June 24, 2026 (Dkt. No. 19), and Messrs. Hershman and Connolly thereafter withdrew (Dkt. No. 24). Mr. Ashraf has represented Petitioner since that time.

On June 23, 2026, the Court ordered supplemental briefing addressing the due process violations alleged against Respondents. (Dkt. No. 17.) Petitioner filed the First

---

[1]The Executive Office for Immigration Review Automated Case Information system reflects that Petitioner's next hearing is an individual hearing scheduled for October 15, 2026, to be held in person at the Adelanto Immigration Court, and that the decision and motion information for the case is listed as pending. The Court takes judicial notice of that information. *See* Fed. R. Evid. 201.

Amended Petition on June 29, 2026 (Dkt. No. 20), Respondents filed their Return on July 8, 2026 (Dkt. No. 29), and Petitioner filed his Traverse the same day (Dkt. No. 30). On July 14, 2026, the Court ordered the parties to submit the record and recording of the April 22, 2026 custody redetermination hearing and the evidence submitted at it. (Dkt. No. 31.) Both parties made their submissions on July 28, 2026. (Dkt. Nos. 32–34.) Petitioner filed a further Reply on August 4, 2026. (Dkt. No. 35.) Both parties have consented to proceed before the undersigned Magistrate Judge. (Dkt. Nos. 21, 23, 27.) The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

### A. The Court Has Subject Matter Jurisdiction

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing *INS v. St. Cyr*, 533 U.S. 289, 301–03 (2001)). The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of Petitioner's due process claim.

### B. Petitioner's Discretionary Detention Under 8 U.S.C. § 1226(a) Mandates an Individualized Bond Hearing

Under 8 U.S.C. § 1225(b)(2)(A), mandatory detention without the possibility of bond applies only to aliens seeking admission at the border or a port of entry, not to aliens present without admission who are apprehended in the interior of the *United States. Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Such interior aliens remain subject instead to the discretionary detention scheme of 8 U.S.C. § 1226(a), which entitles them to an individualized bond hearing, because the

statutory definition of "admission" as lawful "entry . . . into the United States," 8 U.S.C. § 1101(a)(13)(A), combined with § 1225(b)(2)(A)'s requirement that the alien be "seeking" that entry, confines the mandatory-detention provision to aliens actively attempting to cross into the country. *Rodriguez Vazquez*, 2026 WL 2196424, at *10–12. This reading applies even though such aliens are "deemed" "applicant[s] for admission" under the separate deeming provision of § 1225(a)(1), since that phrase is a term of art that does not place them in a perpetual state of "seeking" entry. *Id.* at 11, 14–15 (*citing Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) (en banc)). As the parties concede that 8 U.S.C. § 1226(a) governs, Petitioner's discretionary detention requires an individualized bond hearing.

**C. The April 22, 2026 Custody Redetermination Hearing Satisfied Due Process**

Petitioner argues that the hearing he received was constitutionally inadequate in four respects. (Dkt. No. 20 ¶¶ 46, 50.) The Court addresses each.

In making a bond determination, the IJ may consider:

> (1)whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020).

Federal courts retain jurisdiction to consider constitutional claims or "mixed questions" involving the application of law to facts. The Ninth Circuit has found that the immigration courts' determination that a noncitizen presents a danger is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). "Given that the IJ is to consider the same factors when determining flight risk as it is when determining dangerousness, it is clear to this Court that the determination of flight risk is also a mixed question of law and fact which is reviewable by the district court as a question of law." *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *5 (C.D. Cal. Mar. 5, 2026). Under *Martinez*, this Court reviews the IJ's flight risk finding for "abuse of discretion." 124 F.4th at 784. Under that deferential standard, the reviewing court determines whether the IJ " 'applied the correct legal standard' " and may not " 'reweigh evidence.' " *Id.* at 785 (*quoting Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). An IJ " 'abuses its discretion when its decision is arbitrary, irrational, or contrary to law,' " *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (*quoting Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)), or " 'when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief.' " *An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (*quoting Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009)).

**1. The IJ Did Not Abuse His Discretion**

Petitioner alleges that the April 22, 2026 hearing "was not an individualized bond hearing before an impartial immigration judge." (*Id.* ¶ 50.) Under the *Matter of Guerra* framework, the IJ appropriately considered Petitioner's length of time in the United States, family ties, and whether family ties may entitle Petitioner to reside permanently in the United States in the future. (Dkt. No. 34.) Pursuant to *Matter of Dobrotvorskii*, the IJ appropriately considered the lack of evidence verifying that Petitioner's sponsor is a family member. *Id.*; *see also Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025). As the record demonstrates the IJ's evaluation was grounded in a personalized assessment of the permissible factors for consideration under *In re Guerra* and *Matter of R-A-V-P-,* the

Court finds that Petitioner's April 22, 2026, bond hearing was sufficiently individualized and comports with the protections of Fifth Amendment Due Process.

**2. Burden of Proof**

Petitioner argues that due process required the Government to establish by clear and convincing evidence that he is a flight risk or a danger to the community, relying on *Singh*, 638 F.3d at 1203. (Dkt. No. 20 ¶¶ 38, 46.) When a person is apprehended under Section 1226(a), an ICE officer makes the initial custody determination. 8 C.F.R. § 1236.1(c)(8). Pursuant to 8 C.F.R. § 1236.1(c)(8), the ICE officer must release the noncitizen if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." After the initial custody determination, the noncitizen may request that an IJ review the determination at a bond hearing. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19. "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). Consistent with this established framework, the IJ properly placed the burden of proof on Petitioner to demonstrate eligibility for release.

**3. Alternatives to Detention**

Petitioner argues that due process required consideration of alternatives to detention. (Dkt. No. 20 ¶¶ 39, 49–50.) The IJ's order states in terms that no "amount of bond or alternatives to detention would be sufficient to mitigate" the flight risk he found. (Dkt. No. 33, Ex. 1 at 1.) Alternatives to detention were addressed on the face of the ruling.

**4. Financial Ability to Pay**

Petitioner argues that due process required consideration of his ability to pay a bond, citing *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). (Dkt. No. 20 ¶ 40.) *Hernandez* concerns the setting of a bond in an amount the detainee cannot pay. No bond was set here, and the concern *Hernandez* identifies is therefore not presented on this record.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) the Petition for Writ of Habeas Corpus is DENIED WITHOUT PREJUDICE; (2) Petitioner's remaining requests for relief are DENIED; and (3) Judgment be entered accordingly. Nothing in this Order limits Petitioner's ability to file a new request for custody redetermination with the immigration court upon a showing of materially changed circumstances. *See* 8 C.F.R. § 1003.19(e).

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: September 29, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE